UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 16-22379-CIV-MORENO

AUDY PEREZ,

        Movant,

vs.

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING MOTION TO VACATE, CORRECT, SET ASIDE SENTENCE

The Movant, Audy Perez, filed a second or successive petition under 28 U.S.C. § 2255 seeking to vacate, correct, or set aside his 293 month sentence. The Movant claims his sentence enhancement is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the Armed Career Criminal Act's residual clause void for vagueness. Because the Movant has not shown the Court relied on the residual clause at sentencing and the Movant's prior Florida burglary convictions qualify under the enumerated-offenses clause of the Armed Career Criminal Act, the Court denies the motion.

THIS CAUSE came before the Court upon Movant's Motion to Vacate, Set Aside or Correct Sentence **(D.E. 7)**, filed on **July 18, 2016**.

THE COURT has considered the motion, the response pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

## BACKGROUND

In July 1995, a jury convicted the Movant, Audy Perez, of one count of possession of firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  The pre-sentence investigation report stated the Movant had nine separate Florida convictions for burglary of a dwelling (committed on six different occasions), two separate convictions for possession of cocaine (committed on two different dates), and one conviction for burglary of a dwelling with a firearm (committed on the same date as two of Movant's nine burglaries). The Court sentenced the Movant on September 28, 1995, at which time the Court adopted the pre-sentence investigation report and sentenced the Movant to 293 months imprisonment.  At the sentencing hearing, this Court found the Movant was subject to an enhanced sentence under § 924(e) of the Armed Career Criminal Act.   Section 924(e) of the Armed Career Criminal Act provides for an enhanced sentence where a criminal defendant violates 18 U.S.C. § 922(g) and has at least three prior convictions for a violent felony or serious drug offense.  18 U.S.C. § 924(e).  The Movant appealed his sentence and the Eleventh Circuit affirmed without opinion.  *United States v. Perez*, 113 F.3d 1249 (11th Cir. 1997).

In April 1998, the Movant filed his first motion to vacate the sentence under 28 U.S.C. § 2255.  The motion did not challenge the enhancement under the Armed Career Criminal Act.  On June 20, 2016, the Eleventh Circuit granted the Movant's authorization to file a second or successive § 2255 petition.  The Movant has been in prison since November 9, 1994 -- 264 months and he has about two more years left on his sentence.

The Movant's sole claim in the current motion is that he no longer qualifies for an enhanced sentence under *Johnson*, 135 S. Ct. at 2563.  The Armed Career Criminal Act defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1)

2

has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or *(3) otherwise involves conduct that presents a serious potential risk of physical injury to another.* 18 U.S.C. § 924(e)(2)(B). These three clauses are known as the "elements clause," the "enumerated clause," and the "residual clause," respectively. *In re: Hires*, 825 F.3d 1297, 1298 (11th Cir. 2016). At the time of his sentencing, the Movant's prior Florida convictions for burglary of a dwelling qualified as predicate offenses justifying the enhancement under either the enumerated clause or the residual clause.

In *Johnson*, the Supreme Court held imposing an increased sentence under the residual clause (italicized above) violates due process. *See* 135 S. Ct. at 2563. Finding the residual clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony. . . [T]hese uncertainties produce more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2554 (alterations added). Shortly thereafter, in *Welch v. United States*, the Supreme Court held its ruling in *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

The Eleventh Circuit authorized this Movant's successive petition to determine whether "the district court violated [Perez's] due process rights by enhancing his sentence based on his prior Florida burglary convictions pursuant to the residual clause of the Armed Career Criminal Act, which was declared unconstitutional in *Johnson*." The issues are twofold: (1) whether the Movant made the requisite showing of the district court's reliance on the residual clause at sentencing and (2) whether the Court need examine current law or the law at the time of the Movant's sentencing to determine whether the Florida burglary convictions can serve as

predicate offenses under the Armed Career Criminal Act's enumerated clause – which provides an alternative basis for the sentencing enhancement, not affected by *Johnson*.

## LEGAL STANDARD AND ANALYSIS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified . . .by a panel of the appropriate court of appeals to contain" either (1) newly discovered evidence or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that previously unavailable.  28 U.S.C. § 2255(h).

The Government argues the Movant has not met the statutory criteria of § 2255(h), which requires a *de novo* review of the record.  *Jordan v. Sec'y Dep't of Corrections*, 485 F.3d 1351, 1357-58 (11th Cir. 2007);  *Leone v. United States*, -- F. Supp. 3d --, 2016 WL 4479390, *4 (S.D. Fla. Aug. 24, 2016) (stating a district court conducts *de novo* review after the Court of Appeals grants leave to file a successive petition).[1]

A. The Movant's Burden on a Second or Successive § 2255 Petition

The Eleventh Circuit in granting the successive petition determined Perez had made a *prima facie* showing under § 2255(h).  The Government argues that a prisoner seeking to file a successive § 2255 motion based on the new constitutional rule in *Johnson* can only obtain relief

---

[1] The rubric for successive petitions found in 28 U.S.C. § 2244 provides:
**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; . . .

if he can show that there is a reasonable likelihood that his Armed Career Criminal Act sentence was "in fact" based on the residual clause. Put another way, the Government posits that if it is a mere possibility that Perez's sentence was based on the residual clause, that showing does not satisfy the "reasonable likelihood" standard.

In granting a successive § 2255 petition, the Eleventh Circuit stated that a movant's claim fails if it cannot be determined from the record whether the district court relied on the residual clause at sentencing. *In Re: Moore*, 830 F.3d 1268 (11th Cir. 2016). More specifically, *Moore* states that a movant cannot meet the burden in a § 2255 proceeding unless "he proves that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence." *Id.* at 1273. The *Moore* court reasoned that if the district court "cannot tell one way or the other" whether the residual clause was used in sentencing, the district court must deny the § 2255 motion. *Id.* The Government urges this Court follow *Moore*'s standard. *See also Ziglar v. United States*, __ F. Supp. 3d __, 2016 WL 4257773, at *7 (M.D. Ala. Aug. 8, 2016) (applying *Moore*'s standard); *Leone,* 2016 WL 4479390 at *10 (applying *Moore*'s standard); *King v. United States*, __ F. Supp. 3d__, 2016 WL 4487785, at *10 (S.D. Fla. Aug. 24, 2016); *Traxler v. United States*, No. 16-cv-747, 2016 WL 4536329 at *5 (finding the *Moore* framework persuasive).

After *Moore*, a different panel of the Eleventh Circuit questioned the decision's instruction to district courts. *In re: Chance*, 831 F.3d 1335, 1339 (11th Cir. 2016) (disagreeing with *Moore* and stating that an inmate need not prove the district court's reliance on the residual clause at sentencing to be entitled to relief under § 2255 and *Johnson*). The *Chance* line of thought suggests that it is immaterial at the time of sentencing whether the court enhanced under the residual clause. *Traxler*, 2016 WL 4536329 at *4. At oral argument in this case, both sides

agree the relevant language in both *Moore* and *Chance* is dicta as it was not necessary to the Eleventh Circuit's decision to authorize the second or successive petition.

After much deliberation, this Court agrees with the Government and employs *Moore*'s guidance as it is the Movant's burden to demonstrate he is entitled to relief. In this case, the Movant has failed to show that his sentence is reasonably likely to fall within the scope of the new constitutional rule announced in *Johnson.* Had the Court enhanced the Movant's sentence under the enumerated-offenses clause, then *Johnson's* invalidation of the residual clause does not affect his sentence.

In so holding, this Court is persuaded by *In re: Holladay*, 331 F.3d 1169 (11th Cir. 2003), where a prisoner filed a second petition or successive petition to vacate his sentence based on the new rule announced in *Atkins v. Virginia*, 536 U.S. 304 (2002), which held that execution of a mentally disabled person violates the Eighth Amendment's ban on cruel and unusual punishment. In *Holladay*, the Eleventh Circuit held that for the movant to make a *prima facie* showing he was entitled to file a second petition based on the new retroactive rule in *Atkins*, he must demonstrate a "reasonable likelihood" that he is "in fact" mentally disabled. *Holladay*, 331 F.3d at 1174. For the same reason, a prisoner filing a second or successive petition based on the rule in *Johnson* should only obtain relief if he can show there is a reasonable likelihood that his sentence was based solely on the residual clause. Consistent with the gatekeeping function of § 2255(h), this Court finds the Movant did not make the requisite showing that his sentence was enhanced based on the residual clause. Having found the Movant failed to show the sentencing judge relied on the residual clause (as opposed to the enumerated-offenses clause), the Court next turns to the issue of whether the predicate offenses qualify under the Armed Career Criminal Act's enumerated clause.

### B. Predicate Offenses

The remaining issue is whether the Court should examine current law or the law at the time of sentencing to decide whether the predicate offenses qualify to enhance under the act's other clauses, the elements or enumerated-offenses clause. Undisputedly, if Perez was sentenced today, his Florida convictions for burglary of a dwelling would not qualify as violent crimes under the Act's elements or enumerated-offenses clauses. *See Descamps v. United States*, 133 S. Ct. 2276 (2013); *Mathis v. United States*, 136 S. Ct. 2243 (2016). Under *Descamps* and *Mathis*, Florida's burglary statute is non-generic and indivisible and therefore, cannot <u>now</u> be used as a predicate offense under the Armed Career Criminal Act's enumerated clause. The Movant's argument, of course, assumes that *Descamps* and *Mathis* apply retroactively, which wholly ignores the distinction Congress made between a first § 2255 petition and a second or successive petition. *See generally* 28 U.S.C. §§ 2244(b) and 2255(h). *Descamps* and *Mathis* are not retroactive for the purposes of a second or successive § 2255 petition, because they are not new rules of constitutional law made retroactive by the Supreme Court. *See Hires*, 825 F.3d at 1303 (*Descamps* is "not retroactive for purposes of a second or successive § 2255 motion"). In *Hires*, the Eleventh Circuit added that "what matters []is whether <u>at sentencing</u>, [the defendant's] prior convictions qualified pursuant to the residual clause, which would render his sentence subject to successive § 2255 challenge under *Johnson*, or pursuant to the elements clause, which would not." 825 F.3d at 1303 (emphasis added).[2]

Given the longstanding jurisprudence regarding the importance of finality of criminal judgments and the strict requirements of § 2255(h) for second or successive petitions, the Court

---

[2] Other circuit courts have also found that *Descamps* cannot be applied retroactively. *Ezell v. United States*, 778 F.3d 762, 763 (9th Cir. 2015) (holding that *Descamps* is not a new rule of constitutional law made retroactive by the Supreme Court and therefore it may not serve as the basis of a second or successive 2255 motion); *In Re: Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) (holding that the Supreme Court has not made *Descamps* retroactive and that *Descamps* cannot serve as the basis of a second or successive § 2255 motion).

finds that *Descamps* and *Mathis* should not be applied retroactively.   Consistent with the Eleventh Circuit's guidance in *Moore*, the question is whether *at the time* of the sentencing hearing any of Perez's other felony convictions qualified as violent ones under the elements or enumerated-offenses clause of the Armed Career Criminal Act.   They undisputedly qualified under the enumerated clause.

Accordingly, the Court denies the motion to vacate the sentence based on the Movant's failure to show a reasonable likelihood that the sentencing court relied on the residual clause and because his Florida burglary convictions qualified as predicate offenses under the enumerated-offenses clause at the time of sentencing.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ of November 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record